UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RAY KIDWELL, TANA KIDWELL,
TOM HUBBERT and LINDA HUBBERT,

    Plaintiffs,

v.                                                      Case No:  2:13-cv-536-FtM-38DNF

MICKY ARISON and CARNIVAL
CORPORATION,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on review of the Court's Order Dismissing and Closing the Case (Doc. #5) filed on July 22, 2013.  In the Court's Order, the Court *sua sponte* dismissed the case because of improper venue.  The acts that led to the case being filed occurred in Miami, Florida, and all of the Defendants reside in Miami, Florida, with the exception of the Center for Disease Control which resides in Atlanta Georgia.  Under <u>Lipofsky v. New York State Workers Compensation Board</u>, 861 F. 2d 1257, 1259 (11th Cir. 1988), a district court may not *sua sponte* dismiss a case for improper venue.  The Eleventh Circuit held that since venue can be waived a case may not be dismissed without first giving the Parties an opportunity to be heard on the issue.

    However, A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." <u>Letizia v. Osceola County Sheriff Dept.</u>, 2011 WL 825680 *1 (N.D. Fla. January 31, 2011).  The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte,* but limited the court's ability to dismiss an improperly filed

case for lack of venue without giving the parties an opportunity to respond. Lipofsky, 861 F.2d at 1259 (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). Letizia, 2011 WL 825680 *1 (*citing* Lipofsky, 861 F.2d at 1259, n. 2). Thus, the case should be transferred rather than dismissed.

Accordingly, it is now

**ORDERED:**

The Clerk of the Court is directed to VACATE the Order Dismissing the Case (Doc. # 5), **REOPEN** the case, and **TRANSFER** the case to the Southern District of Florida.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record